Caruthers, J.,
delivered the opinion of the Court.
In this action of ejectment, the plaintiff, Crew, relies for title upon a grant dated June 22, 1844, on an entry made 20th April, 1826.
*153 The opposing title is a grant dated 7th July, 1838, upon an entry of the same date.
The facts in the case leave no other question to be decided but which of the above is the better title. The plaintiff has the oldest entry, and, consequently, the best title, if there be nothing in the way of connecting his grant with it, although the defendant has the oldest grant.
This land lies in the Hiwassee District, and must be governed by the series of acts from 1819 up to 1853, relating to the mode of obtaining titles in that section of the State. These acts are somewhat dissimilar from those regulating the disposition of the lands north and east and south and west of the Congressional reservation line, respectively, and the mode of perfecting titles has been the subject of distinct legislation, applicable to each section. So we have no general and uniform land system. This was the necessary result of the variety of circumstances under which the land was obtained, and the objects for which it was appropriated.
But this case must be governed by the acts on the subject of the lands in the Hiwassee District. The act of 1829, ch. 89, Hay. & Cobbs, 156, enacts, “That the enterers and assignees of enterers of land in the Hiwassee District, shall, within nine months from and after the passage of this act, file their entries with the register of said district, for the purpose of having grants issued thereon; and the said register shall, within fifteen months after the expiration of the time aforesaid, issue grants upon all entries filed with him as aforesaid, in the manner now prescribed by law.”
*154 The entry of the plaintiff was then more than three years old, and this act provides, that he “shall,” within the time there prescribed, proceed to mature his title into a-grant. The time was extended by the Legislature of 1831, 1833, 1835, and 1837, so as to leave no hiatus. The 3d section of the last act, page 34, passed 28th November, of that year, extends. the time in which grants must be obtained for two years. This expired 29th November, 1839. The next extension act was not passed until January 25, 1840, when two years from the end of that session was given to perfect titles. Here, then, was a period of near two months, in which no authority existed to issue grants upon former entries, and the question is, whether this breaks the relation of the plaintiff’s grant of 1844, to his entry of 1826, as against the intervening title of the defendant, perfected in 1838. It should be also sated, that in October, 1843, the time for obtaining grants was again extended for two years, which covered the time at which plaintiff’s grant was issued— June, 1844.
The Circuit Judge charged, that the plaintiff had a good title, and, of course, a verdict was rendered in his favor. In the case of Williamson and Wife vs. Throop and Lund, 11 Humph., 266, it was held, that a hiatus of two days between the expiration of the extension term of one act and the passage of another, would make perfect the' grant upon a younger entry, as against a grant subsequently obtained on an older entry. But that case arose under acts relating to the lands north and east of the reservation line, and in which there were clauses annulling and making void *155 former entries, in case of failure to obtain grants in the specified time, as against younger entries and grants.
The case of Sampson vs. Taylor, 1 Sneed, 600, where the same principle of decision was adopted, was under the land laws of West Tennessee, which provided that in such cases the older entry should be voidable, and the land subject to appropriation as other vacant lands.
The Hiwassee laws simply extend the time within which grants shall be obtained by enterers, without declaring the consequences of a failure, as between the older and younger, but more negligent enterer. Upon this ground, his Honor, the Circuit Judge, held, the former decisions did not apply, and that the plaintiff’s title was not affected by the hiatus referred to. In this, we think, there is error. It is true, the circumstance that the acts under consideration in those cases provided for a forfeiture, &c., was referred to in the decision, but the judgment of the Court 'was not intended to be rested upon that ground alone. There is no difference, in principle, between those cases and this. The State received entries from two for the same land, and accepted from each the price fixed. She affixed, however, a condition to the perfecting of the titles by grant, that it should be obtained in a specified time. The first enterer fails, and the last complies with the condition, as to time; the first sinks in the chasm, and is lost, while the last passes safely over by the strength of the grant. It is clear, that the State could waive the forfeiture, and issue the grant at .any other time, and authorize her officers, at any *156 period, no matter how distant, to perfect the incipient title, notwithstanding the condition broken, and the occurrence of chasms; provided, always, no vested rights have intervened.
In the case before us, there was a period of near two months — from 29th November, 1839, to 25th January, 1840 — that no grant could be obtained, or was authorized to issue, upon the entry of plaintiff, and then the right .of defendant, under the entry and grant of 1838, became perfect to the land. After that, the Législature had no right or power, by extension acts or otherwise, to revive the title of plaintiff, so as to effect that of defendant. There can certainly ,.'be- no just ground of complaint on the part of one Who has, with full knowledge of the law requiring him to perfect, by an easy process, the title claimed, in a given time, and that repeatedly extended for his benefit, but as often neglected and disregarded. The younger, but more prompt and vigilant enterer, under such circumstances, is rightfully allowed to prevail.
Judgment reversed, and a new trial granted.